PATRICK FITZGERALD, Respondent, *v.* O'ROURKE ENGI-
NEERING CONSTRUCTION COMPANY, Appellant.

**Master and servant — negligence — servant cannot recover
when accident was not caused by unsafe conditions, but by act
of fellow-servant of plaintiff.**

The plaintiff was a workman in a tunnel, whose duty it was to
push a small car which was used to carry concrete and other
material, which was loaded in a large bucket. On the day of tho
accident the plaintiff and a fellow-workman were pushing a car
from which the bucket had been removed. While doing this he
was struck by another car, which came from behind, and suffered
injuries for which he brings this action. The accident is not proved
to have been caused by any unsafe conditions in the place in which
the plaintiff worked, or by the omission to adopt proper rules, but
by the act of fellow-servants. The complaint should have been
dismissed.

*Fitzgerald* v. *O'Rourke E. C. Co.*, 148 App. Div. 893, reversed.

(Argued March 20, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered February 2, 1912, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Edward Francis Lindsay, Owen Hughes* and *John B.
Henney* for appellant. The plaintiff failed to prove the
defendant guilty of any negligence. (*Perry* v. *Rogers*,
157 N. Y. 251; *Capasso* v. *Woolfolk*, 163 N. Y. 472;
*Citrone* v. *O'Rourke Engineering Const. Co.*, 188 N. Y.
339; *Mullin* v. *Genesee Co. El. L. P. & G. Co.*, 202
N. Y. 275; *Kwiatkowski* v. *Nichols Copper Co.*, 152 App.
Div. 663; *Nowak* v. *Delaney F. & I. Co.*, 159 App. Div.

155; *Morgan* v. *H. R. O. & I. Co.*, 133 N. Y. 666; *McDonald* v. *Robinson Co.*, 206 N. Y. 481; *Knickerbocker* v. *G. R. Signal Co.*, 133 App. Div. 787; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582.)

*Jeremiah A. O'Leary* and *Arthur T. O'Leary* for respondent. The defendant was negligent in failing to furnish plaintiff with a safe place to work in that the tracks and roadbed were defective and unsafe, and because there was lack of light. (*Townsend* v. *Fibre Conduit Co.*, 154 App. Div. 326; *Devaney* v. *Degnon-McLean Const. Co.*, 79 App. Div. 62; 178 N. Y. 620; *Walker* v. *Newton Falls Paper Co.*, 111 App. Div. 19; *Bausert* v. *Thompson-Starrett Co.*, 126 App. Div. 332.)

CARDOZO, J. The defendant in 1909 was engaged in the construction of a tunnel under the Hudson river between Weehawken, New Jersey, and the city of New York. The plaintiff was one of the workmen. His duty was to push a small car, which was used to carry concrete and other material. The concrete was loaded in a large bucket. On the day of the accident the plaintiff and a fellow-workman were pushing a car from which the bucket had been removed. While doing this he was struck by another car, which came from behind, and he suffered injuries for which he sues.

The trial judge left the case to the jury on a two-fold theory: *First,* that the defendant had failed to provide the plaintiff with a safe place in which to work; and, *second,* that it had failed to promulgate proper rules. We find no evidence by which either theory can be supported.

The accident is not proved to have been caused by any unsafe conditions in the place in which the plaintiff worked. He has not attempted to explain the cause of the collision. The bald fact is proved that the men in charge of the rear car ran into the car ahead, and that is all. Why they ran into it, what degree of care they were tak-

ing, how fast they were going, none of these questions finds an answer in the record.

It is said that the place was unsafe because it was inadequately lighted. But there is no evidence that it was inadequately lighted, and no evidence that the absence of light was the cause of the accident. None of the men in charge of the rear car was a witness. The sole testimony as to the collision is that of the plaintiff himself. Even he does not say that the tunnel was not lighted at the place and hour of the accident. He merely says that there were times when some of the lights went out. There is nothing to show whether the accident occurred because the other workmen could not see him, or because they carelessly omitted to look where they were going, or carelessly went too fast.

It is suggested that the construction of the bucket car made it impossible for the men who were pushing it to see what was ahead of them, and, hence, it is said that the defendant was negligent in permitting the work to continue under such conditions. But the premise of fact from which that conclusion is drawn is without support in the evidence. The buckets were three feet wide and the cars four. There was space on each side that would enable a vigilant man to see what was in front of him. It would be the merest speculation to assume the contrary. We certainly cannot make that assumption when the men in charge of the rear car have failed to testify that their vision was obstructed.

The case was also submitted to the jury on the theory that there was a lack of proper rules. The plaintiff concedes on this appeal that nothing in the record justifies the imputation of negligence for that cause. It does not appear that there were any rules that ought to have been adopted, or that the omission to adopt them was the cause of the accident.

There was a total failure of proof that the plaintiff's injuries were due to the disregard of any duty imposed

upon the master. Apparently they were due solely to the negligence of fellow-servants. It was, therefore, error to deny the motion to dismiss the complaint.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.